UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIMITRI ION SOKHO, individually and as personal representative of the ESTATE OF JO-ANNE ANASTASIA, <br><br> Plaintiff, <br><br> v. <br><br> STEWARD HEALTH CARE SYSTEM, LLC, <br><br> Defendant. | Civil Action No. _____ |

## NOTICE OF REMOVAL

With reference to 28 U.S.C. §1331, §1367, and §1441, Defendant Steward Health Care System, LLC hereby removes from the Superior Court Department of the Trial Court, Suffolk County, Commonwealth of Massachusetts, the case captioned <u>Dimitri Ian Sokhos, individually and as personal representative of the Estate of Jo-Anne Anastasia v. Steward Health Care System, LLC</u>, Civil Action No. 1984CV01770 (hereinafter the "state court action"). In support of this Notice of Removal, Defendant states:

**I.      Introduction**

1. On or about June 3, 2019, Plaintiff Dimitri Ion Sokhos, individually and as personal representative of the Estate of Jo-Anne Anastasia ("Plaintiff") filed the state court action. <u>See</u> Summons and Complaint and Related Papers ("Complaint"), filed herewith as Exhibit 1. <u>See also</u> Suffolk Superior Court Case Docket, printed July 2, 2019, filed herewith as Exhibit 2.

1

2.      This case concerns an employee benefits plan. Plaintiff states that, in 2010, Jo-Anne Anastasia signed a severance agreement with Defendant upon the conclusion of her employment. That severance agreement, Plaintiff states, called for Ms. Anastasia to be covered by a life insurance policy maintained by Defendant, her former employer. Ms. Anastasia died in 2018. Defendant, Plaintiff states, has "refused to honor the life insurance policy and pay [the] money [due under the policy] to Ms. Anastasia's beneficiary." Plaintiff alleges breach of contract, and states that Defendant, by not facilitating a payout to Plaintiff under the employer sponsored insurance plan, has engaged in unfair and deceptive trade practices under M.G.L. c. 93A, §2. See Complaint, ¶¶ 4-13, 16-23.

## II.     Service of the State Court Action

3.      Defendant accepted service of the Complaint in the state court action on June 19, 2019. See Acceptance of Service Paperwork, filed herewith as Exhibit 3.

4.      A copy of all process, pleadings, and orders served upon Defendants are attached at Exhibits 1 and 3.

## III.    Bases for Removal

5.      Plaintiff is seeking payment of benefits pursuant to an employee welfare benefit plan. See Complaint, ¶6 (quoting severance agreement, "[t]he Employee will continue to be covered by a life insurance paid for by the Employer up to $50,000 of coverage (sic)"); 11 ("Steward refused to honor the life insurance policy and pay [the] money to [the] beneficiary.").

6.      Such an employee welfare benefit plan comes within the meaning of, and is subject to and regulated by, the Employee Retirement Income Security Act ("ERISA"), 29. U.S.C. § 1001 et seq.

7. Because this matter is an action arising under ERISA, this Court has original federal question jurisdiction over the matter, as authorized by 28 U.S.C. § 1331, and it is subject to removal under 28 U.S.C. §§ 1441 and 1446.

8. In addition and alternatively, this Court has federal question jurisdiction under ERISA of this matter and, to the extent this Court should determine that any of Plaintiff's claims are not preempted by ERISA, this Court would have supplemental jurisdiction over such claims because such claims are so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. supplemental jurisdiction under 28 U.S.C. §1367.

**IV.    Conclusion**

9. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly file written notice of the filing of this Notice of Removal with the Clerk of the Suffolk Superior Court.  Defendant will also serve a copy of the notice filed with the Suffolk Superior Court on Plaintiff's counsel.

10. This Notice of Removal is filed within thirty days of receipt of service.  See 28 U.S.C. § 1446(b).

11. Nothing in this Notice of Removal or related documents should be interpreted as a waiver or relinquishment of the rights of Defendant to assert any defense or affirmative matter in this action.

WHEREFORE, Defendant request that the case styled <u>Dimitri Ian Sokhos, individually and as personal representative of the Estate of Jo-Anne Anastasia v. Steward Health Care System, LLC, Civil Action No. 1984CV01770</u> be removed from the Superior Court Department of the Trial Court, Suffolk County, Massachusetts to this Court.

Respectfully submitted,

STEWARD HEALTH CARE SYSTEM LLC,

By its attorneys,

/s/ Eugene J. Sullivan III

_____
Eugene J. Sullivan III, BBO#656497
    jay@sullivanandreed.com
Thomas A. Reed, BBO#559878
    treed@sullivanandreed.com
Sullivan and Reed LLP
245 First Street, 18th Floor
Cambridge MA 02142

Dated: July 2, 2019    telephone: 617.758.8160

<u>Certificate of Service</u>

Undersigned certifies that on this date he filed this document via the ECF system and he caused a true copy of this document to be served upon counsel for plaintiff, Jeremy R. Bombard, Esq. BOMBARD LAW OFFICE, P.C., 945 Concord Street, Framingham, MA 01701, by email (jbombard@bombardlaw.com).

Dated: July 2, 2019                                                    <u>/s/ Eugene J. Sullivan III</u>