UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CIVIL ACTION NO. 19-11455-RWZ

DIMITRI ION SOKHOS, individually and as personal representative of the ESTATE OF JO-ANNE ANASTASIA

v.

STEWARD HEALTH CARE SYSTEM LLC


MEMORANDUM OF DECISION & ORDER

February 18, 2020


ZOBEL, S.D.J.

      Plaintiff Dimitri Ion Sokhos ("Sokhos") seeks to secure the proceeds of a $50,000 life insurance policy provided by defendant Steward Health Care System LLC ("Steward"). Defendant moves to dismiss, arguing plaintiff's claims are completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). Docket # 3. Plaintiff opposes (Docket # 12) and separately moves to remand the case back to Suffolk Superior Court for lack of subject matter jurisdiction (Docket # 8).

**I.   Background**

      On December 20, 2010, Jo-Anne Anastasia signed a severance agreement memorializing the termination of her employment with Steward. In that agreement, Steward pledged that Ms. Anastasia "will continue to be covered by a life insurance paid

1

for by the Employer up to $50,000 of coverage and be eligible to convert any coverage presently held by her over $50,000 to an individual policy." Docket # 1-1 ¶ 5. After Ms. Anastasia passed away in June 2018, Mr. Sokhos, her designated beneficiary and estate representative, sought to collect the life insurance proceeds. When Steward refused to pay out the policy, plaintiff sent a demand letter and eventually filed suit in Suffolk County Superior Court, claiming breach of contract and violation of the Massachusetts Consumer Protection Act (M.G.L. c. 93A § 2). Steward removed the case to this court and now seeks to dismiss the case as preempted by ERISA. Sokhos counters that his state-law claims are not preempted by federal law, and therefore the case, implicating only state law, should be remanded to the state court.

## II. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Accordingly, a complaint must include more than a rote recital of the elements of a cause of action; it must include 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Artuso v. Vertex Pharm., Inc., 637 F.3d 1, 5 (1st Cir. 2011) (quoting Twombly, 550 U.S. at 570).

A case may be removed to federal court only if it could have been brought there originally. 28 U.S.C. § 1441(a). Because the parties are not diverse, defendant's removal to this court is predicated on federal question jurisdiction. Though ordinary

conflict preemption arises only as a defense and thus does not create federal-question jurisdiction, complete preemption substitutes a federal cause of action for the state law complaint, generating federal-question jurisdiction and justifying removal. Vaden v. Discover Bank, 556 U.S. 49, 61 (2009); 14C Fed. Prac. & Proc. Juris. § 3722.2 (Rev. 4th ed.).

## III. Discussion

The court agrees that plaintiff's claims are completely preempted by ERISA.

Consistent with Congress's goal of federalizing employee benefits law, ERISA explicitly "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title." 29 U.S.C. § 1144(a). Thus, state law claims are preempted only if (1) the case involves an "employee benefit plan" as defined by ERISA, and (2) the plaintiff's cause of action "relates to" that plan. McMahon v. Dig. Equip. Corp., 162 F.3d 28, 36 (1st Cir. 1998). Where it applies, ERISA's preemption is complete. See Aetna Health Inc. v. Davila, 542 U.S. 200, 208-09 (2004).

ERISA employee benefit plans include both pension and welfare plans. Under the statute:

> The terms "employee welfare benefit plan" and "welfare plan" mean any plan, fund, or program which was heretofore or is hereafter **established or maintained by an employer** or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, **death** or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services, or (B) any benefit described

3

> in section 186(c) of this title (other than pensions on retirement or death, and insurance to provide such pensions).

29 U.S.C. § 1002(1) (emphasis added). Under this definition, life insurance policies qualify as "employee benefit plans" so long as they are "established or maintained by an employer." "The determination of what constitutes an ERISA plan thus turns most often on the degree of an employer's discretion in administering the plan." O'Connor v. Commonwealth Gas Co., 251 F.3d 262, 267 (1st Cir. 2001).

In this case, the life insurance plan detailed in Ms. Anastasia's severance agreement is "paid for by the Employer up to $50,000." Docket # 1-1 ¶ 5. Moreover, the severance agreement simply carries over and continues coverage under the preexisting life insurance policy Steward provided to Ms. Anastasia (and presumably all other employees) before her separation from the company. Id. ("Employee will continue to be covered . . ."). Though the agreement also includes the right to convert any coverage in excess of $50,000 to an individual policy, plaintiff seeks to collect only the $50,000 that continues to be paid for, and presumably administered, by Steward. The $50,000 life insurance policy detailed in the severance agreement thus qualifies as an employee benefit plan under ERISA. See Demars v. CIGNA Corp., 173 F.3d 443, 445-46 (1st Cir. 1999) (distinguishing between conversion policies, which are not ERISA plans, and COBRA continuation coverage, which is covered by ERISA).

Turning to whether plaintiff's state law claims "relate to" Steward's ERISA plan, the court considers whether the claims have "a connection with or reference

4

to" the life insurance policy. Shaw v. Delta Air Lines, 463 U.S. 85, 96 (1983). The Supreme Court has identified three categories of claims that typically relate to ERISA plans, one of which is "state laws providing alternative enforcement mechanisms" to ERISA's own civil enforcement mechanism. N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 658 (1995). "[I]n order to assess whether the state law cause of action is an alternative enforcement mechanism, we must 'look beyond the face of the complaint' and determine the real nature of the claim 'regardless of plaintiff's ... characterization.'" Hampers v. W.R. Grace & Co., 202 F.3d 44, 51 (1st Cir. 2000) (quoting Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 5 (1st Cir. 1999).

Both of plaintiff's claims (breach of contract and violation of 93A) challenge Steward's refusal to pay plaintiff the $50,000 proceeds of Ms. Anastasia's life insurance policy and appropriately seek "judgment for Plaintiff in the amount of $50,000." Docket # 14 ¶ A. Claims, like these, by a beneficiary to recover money under the terms of an ERISA plan are prototypical alternative enforcement claims. See, e.g., 29 U.S.C. § 1132(a)(1)(B) (ERISA's civil enforcement remedy includes claims brought "by a . . . beneficiary . . . to recover benefits due to him under the terms of his plan"); Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 62–63 (1987) ("[A]s a suit by a beneficiary to recover benefits from a covered plan, it falls directly under § 502(a)(1)(B) of ERISA, which provides an exclusive federal cause of action for resolution of such disputes.");

5

Turner v. Fallon Cmty. Health Plan, Inc., 127 F.3d 196, 199 (1st Cir. 1997) ("It would be difficult to think of a state law that 'relates' more closely to an employee benefit plan than one that affords remedies for the breach of obligations under that plan."); Summersgill v. E.I. Dupont de Nemours & Co., No. 13-CV-10279, 2014 WL 1032732, at *2-4 (D. Mass. Mar. 18, 2014) (dismissing breach of contract and 93A claims as preempted by ERISA because resolution would require factfinder to consult the ERISA plan). Accordingly, plaintiff's state law claims relate to the ERISA plan.

## IV. Conclusion

Because the life insurance policy is an ERISA plan and plaintiff's state law claims relate to that plan, plaintiff's breach of contract and 93A claims are completely preempted by ERISA. Accordingly, defendant's motion to dismiss (Docket # 3) is ALLOWED, but such dismissal is without prejudice in view of the potential for plaintiff to state a claim under ERISA. With the dismissal of plaintiff's state law claims, plaintiff's motion for remand (Docket # 8) is correspondingly DENIED.

Judgment may be entered dismissing the complaint without prejudice.

| February 18, 2020 | /s/ Rya W. Zobel |
|---|---|
| DATE | RYA W. ZOBEL |
| | SENIOR UNITED STATES DISTRICT JUDGE |